**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**COLLIE GEORGE DOWNER**                                                        **PETITIONER**

**V.**                                                     **NO. 2:09CV106-P-A**

**M. CRAMER**                                                   **RESPONDENT**

**MEMORANDUM OPINION**

Collie Downer is an inmate currently housed in the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. Downer was convicted and sentenced in a California State court for his crimes.

In June of this year, Downer filed a § 2254 motion in the Eastern District of California challenging the same conviction and sentence contained herein. On June 4, 2009, the Eastern District Court transferred the matter to the Northern District of California since Downer was convicted in that District. That same order was later vacated because the "victim was related to a long-time employee of the Northern District of California." Thus, the matter remained in the Eastern District of California. On June 25, 2009, a subsequent order resulted in the California state habeas petition being transferred to this court for consideration. The transfer was based solely on the fact that the Petitioner is currently housed in this State.

The power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2241. Subsection (d) of the statute governs where a habeas petition may be filed. That section provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application

to the other district court for hearing and determination.

*Id.* Since the writ of habeas corpus does not act upon the prisoner who seeks relief but upon the person who holds him in what is alleged to be unlawful custody, *Wales v. Whitney*, 114 U.S. 564, 574 5 S. Ct. 1050, 1054-55, 29 L. Ed. 277 (1985), the Statute has been interpreted as requiring "the court issuing the writ to have jurisdiction over the custodian." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 495-96, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). The Supreme Court recognized the "substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy." *Id.* at 497-98. In *Braden*, the Court noted the provision for concurrent jurisdiction found in § 2241(d) and stated that the district of confinement "will not in the ordinary case prove as convenient as the district court in the State" where he was convicted. *Id.* at 499 n.15.

Using the *Braden* Court's analysis, the true custodian is the official in the state whose conviction is being challenged. *See Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) (prisoner convicted in Nebraska but housed in Nevada was considered to be in the custody of Nebraska for purposes of his challenge to the Nebraska conviction); *see also Watson v. Figueroa*, No. CIV-08-341-D, 2008 WL 2329106 (W.D. Okla. Jun. 3, 2008) (2254 petition of an inmate housed in Oklahoma was transferred to a district court in Colorado, the state of conviction). The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction. *Braden*, 410 U.S. at 499. Moreover, the physical presence of the prisoner is not necessary for habeas corpus jurisdiction. *Id.* at 497-501.

The appropriate respondent to Downer's habeas petition is the State of California. The law and procedures at issue are those of California. Despite being housed in Mississippi, the Petitioner is more appropriately considered an inmate of the State of California. All the records, evidence and

witnesses are also in California. The only connection between this matter and the State of Mississippi is that the Petitioner is fortuitously housed here by contractual agreement. The expense and risk of transporting the Petitioner to the forum state, should his presence be required, would in all likelihood be outweighed by the difficulties of transporting records and witnesses from California to this State. Whether or not an evidentiary hearing is required, it will be far more convenient for the State of California to respond to this action in California. Federal judges in California are, of course, much more familiar with California laws that are inevitably interwoven in the petition. Finally, should this court ignore all of the foregoing factors and entertain this matter, it would place this court in a bizarre position of potentially setting aside a California State court conviction. A proposition that seems unattainable or at least completely undesirable.

> The statute governing change of venue provides:
>
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Taking into account the convenience factors governing venue in federal courts, this matter should be transferred to the appropriate district court in the state where the Petitioner was convicted not the state in which he is incarcerated. *See Skamfer v. Hudson*, No. 98-6386, 1999 WL 79403 at *1 (10th Cir. 1999). While the court is sympathetic regarding the unfortunate circumstances this case presents to the District Court family in Northern California, there are measures which could be taken to lessen the involvement of those most directly associated with the victim which would not unduly burden the respective parties and witnesses. *See* 28 U.S.C. § 292.

A separate order in accordance with this opinion will be entered.

This the 2nd day of September, 2009.

/s/ W. Allen Pepper, Jr.
UNITED STATES DISTRICT JUDGE