IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COLLIE GEORGE DOWNER,

    Petitioner,                    No. CIV S-09-3041 MCE DAD P

    vs.

M. CRAMER, Warden,

    Respondent.             ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PROCEDURAL HISTORY**

        On June 1, 2009, petitioner filed a petition for writ of habeas corpus in this court, challenging a judgment of conviction entered against him by the San Francisco County Superior Court. At the time of filing, petitioner was confined at Tallahatchie County Correctional Facility in Tutwiler, Mississippi. At screening, U.S. Magistrate Judge John F. Moulds issued an order

1

transferring petitioner's case to the United States District Court for the Northern District of California. In response to the court's order, petitioner filed a motion to keep the case in the Eastern District of California. On June 24, 2009, Judge Moulds issued an order vacating his earlier transfer order and noting that a review of court records reflected that petitioner had previously filed a habeas action in the Northern District based on the same conviction and that court transferred the case to this court because petitioner's underlying criminal case involved a victim who was related to a long-time employee of the Northern District. Magistrate Judge Moulds observed that U.S. Magistrate Judge Craig Kellison of this district presided over petitioner's previously-filed habeas action and reassigned the instant action to him.

On June 26, 2009, Magistrate Judge Kellison determined that the Eastern District did not have jurisdiction over petitioner's action because petitioner was neither convicted nor confined in an area embraced by this district. Judge Kellison acknowledged that the case could not be transferred to the Northern District because of the conflict noted above, so he transferred the case to the United States District Court for the Northern District of Mississippi. At the time, petitioner was still incarcerated at Tallahatchie County Correctional Facility, which is in an area embraced by the United States District Court for the Northern District of Mississippi.

On September 2, 2009, District Judge Pepper of the Northern District of Mississippi determined that, although petitioner was confined in an area embraced by the Northern District of Mississippi, petitioner's case should be heard by a federal court located in the State of California. In this regard, he noted that all of the records, evidence, and witnesses would be in California, and the only connection between petitioner's case and the State of Mississippi was that he was confined in the state by contractual agreement. Judge Pepper noted that, "[w]hile the court is sympathetic regarding the unfortunate circumstances this case presents to the District Court family in Northern California, there are measures which could be taken to lessen the involvement of those most directly associated with the victim which would not unduly

/////

burden the respective parties and witnesses." Judge Pepper then transferred the case to the United States District Court for the Northern District of California.

On October 20, 2009, District Judge Walker of the Northern District of California transferred the case to this court. He reiterated that petitioner's underlying criminal case involved a victim who was related to a long-time employee of the Northern District of California. At the time, Judge Walker believed that petitioner was confined at Folsom State Prison when, in fact, petitioner was still incarcerated at Tallahatchie County Correctional Facility in Mississippi.

## DISCUSSION

Not long after District Judge Walker of the Northern District transferred the case to this court, petitioner was transferred from Tallahatchie County Correctional Facility to North Fork Correctional Facility in Sayre, Oklahoma. Nevertheless, in light of this court's history with petitioner's previously-filed habeas action, as well as both the Northern District of California's and the Northern District of Mississippi's opinions transferring the action out of their districts and the delay that has resulted, this court will elect to exercise its discretion and, in the furtherance of justice, retain petitioner's habeas action and allow the case to proceed in accordance with this order. 28 U.S.C. § 2241(d).

Since petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondent will be directed to file a response to petitioner's habeas petition.

## OTHER MATTERS

Also pending before the court are petitioner's motions for appointment of counsel. Petitioner is advised that there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

# CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Doc. No. 2) is granted;

2. Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order. <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fifteen days thereafter;

5. The Clerk of the Court shall serve a copy of this order, a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a copy of the form regarding consent or request for reassignment on Michael Patrick Farrell, Senior Assistant Attorney General; and

6. Petitioner's November 10, 2009 and December 10, 2009 motions for appointment of counsel (Doc. Nos. 20 & 25) are denied.

DATED: February 9, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
down3041.100