IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COLLIE GEORGE DOWNER,

    Petitioner,                           No. CIV S-09-3041 MCE DAD P

    vs.

M. CRAMER, Warden,

    Respondent.                        <u>ORDER</u>

_____/

        Petitioner is an out-of-state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 10, 2010, the court ordered respondent to file a response to the petition.

        Pending before the court is petitioner's motion to compel. Therein, petitioner claims that prison officials transferred him to administrative segregation for his own safety while he was housed at Tallahatchie County Correctional Facility in Tutwiler, Mississippi. According to petitioner, prison officials took his legal materials during the transfer and have not returned those legal materials to him. Petitioner seeks a court order requiring the California Department of Corrections and Rehabilitation and the Tallahatchie County Correctional Facility to return his legal materials to him. (Pet'r's Mot. to Compel. at 1-4.)

/////

1. The court will deny petitioner's motion for the following reasons. First, the California Department of Corrections and Rehabilitation and the Tallahatchie County Correctional Facility are not parties to this action. Petitioner is advised that this court is unable to issue any order against entities or individuals who are not parties to the suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). In addition, this is a habeas corpus action. Habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In contrast, a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Petitioner's claims regarding his legal materials concern the conditions of his confinement and therefore should be raised in a civil rights action if he wishes to pursue such claims after exhausting his administrative remedies at the institution of his confinement.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to compel (Doc. No. 31) is denied.

DATED: March 4, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
down3041.mtc